UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK ISAAC GOLSON,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | ) Case No.: CV 13-6948-PJW<br>)<br>)<br>)<br>)<br>) MEMORANDUM OPINION AND ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## I.   INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  He claims that the Administrative Law Judge ("ALJ") erred when he: (1) denied Plaintiff's counsel the opportunity to cross-examine two medical experts; (2) evaluated Plaintiff's impairments; (3) rejected the opinions of Plaintiff's treating physician; (4) rejected Plaintiff's testimony; and (5) rejected the testimony of the lay witnesses. For the reasons explained below, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings.

## II. SUMMARY OF PROCEEDINGS

In October 2009, Plaintiff applied for SSI and DIB, alleging that he was disabled as of April 2009, due primarily to pain in his body, especially his back, and psychological maladies. (Administrative Record ("AR") 200-05, 233-40, 256, 262, 269.) The Agency denied his applications initially and on reconsideration. Plaintiff then requested and was granted a hearing before an ALJ. On August 12, 2011, he appeared with counsel and testified at the hearing. (AR 48-60.) Following the hearing, the ALJ solicited the opinions of an orthopedist, a psychiatrist, and a vocational expert and held a second hearing. Plaintiff again appeared with counsel and testified. (AR 35-46.) The vocational expert also testified. (AR 37-43.) The ALJ subsequently issued a decision denying benefits. (AR 18-27.) Plaintiff appealed to the Appeals Council, which denied review. (AR 6-10.) He then commenced this action.

## III. ANALYSIS

### A. <u>Plaintiff's Lawyer Should Have Been Given An Opportunity to Cross-Examine the Medical Experts</u>

After the first administrative hearing, the ALJ determined that additional evidence was necessary to complete the record and solicited the opinions of two doctors—-a psychiatrist and an orthopedist—-and a vocational expert. (AR 286-88.) All three submitted their opinions in writing. (AR 289-91, 411-29.) The psychiatrist used a check-the-box form to capture his opinion. (AR 416-18.) On it, he checked boxes indicating that Plaintiff had both mild and moderate impairment of various functions and drew a line/arrow between the mild and moderate boxes. (AR 416-

18.)  The vocational expert interpreted this form to mean that Plaintiff would suffer moderate impairment in these functions and perform well below average, precluding employment.  (AR 37-38, 291.)

In response to these reports, Plaintiff's counsel sent the ALJ a letter, informing him that Plaintiff had no objection to the doctors' reports or the vocational expert's conclusion and that he would submit on the record.  (AR 293.)  The ALJ elected not to rule on the record and decided, instead, to hold another hearing and take additional testimony from the doctors and the vocational expert.  Prior to the hearing, the ALJ repeatedly informed Plaintiff's counsel that the vocational expert, the psychiatrist, and the orthopedist would testify at the hearing. (AR 152, 166, 168, 175, 195, 197.)

Plaintiff appeared at the hearing with counsel.  Though the vocational expert was there and did testify, the psychiatrist and the orthopedist did not appear.  During the vocational expert's testimony, the ALJ explained that he interpreted the psychiatrist's form to mean that Plaintiff fell between mild and moderate impairment.  (AR 38.)  The vocational expert accepted this interpretation and reversed her previous opinion that Plaintiff could not work, concluding, instead, that he could. (AR 38-42.)

Plaintiff objects to the process.  He argues that he had a right to cross-examine the psychiatrist to determine exactly what he was signaling when he checked the boxes for both mild and moderate impairment with a line/arrow connecting the two and

that he was denied that right when the psychiatrist failed to appear as promised.

The Agency disagrees. It points out that social security hearings are different than trials and that a claimant is not necessarily entitled to cross-examine the witnesses at a social security hearing. It argues further that, if Plaintiff's counsel wanted to challenge the psychiatrist's findings, he should have done so in writing when he was offered that opportunity by the ALJ.

The Court sides with Plaintiff here. Though it agrees with the Agency that a claimant does not have an absolute right to cross-examine witnesses in a social security hearing, he does have a right to due process. *Richardson v. Perales*, 402 U.S. 389, 401-02 (1971). It strikes the Court as exceedingly unfair that the ALJ informed Plaintiff's counsel several times before the hearing that the psychiatrist would be present and testify--which would have meant that Plaintiff's counsel would have had an opportunity to cross-examine him--and then conducted the hearing without calling the psychiatrist or explaining why he was not there. This is particularly true where, as here, there was seemingly no reason to propound questions to the psychiatrist before the hearing because the vocational expert determined after reading the psychiatrist's report that Plaintiff could not work. Thus, it appeared to counsel that Plaintiff would prevail at the hearing and nothing would be gained by interjecting questions to the psychiatrist. As a result, it was not unreasonable for counsel to elect not to submit questions to the expert before the hearing. *Cf. id.*

(explaining ALJ may rely on unchallenged report from examining doctor where claimant fails to exercise his right to subpoena the doctor and cross-examine him at the administrative hearing). And when it became clear at the hearing that the ALJ had a different view on what the psychiatrist's report said, it was too late.  Further, when counsel complained to the ALJ about the doctor not being there, the ALJ failed to respond.  (AR 43.)

    For these reasons, the case is remanded to the Agency for further development.  On remand, the ALJ should hold another hearing and require the psychiatrist to be present (or on the telephone) so that Plaintiff's counsel can question him about his report.

    Plaintiff also complains that the orthopedist, who the ALJ also signaled would be present, was not present.  He argues that he should have been given an opportunity to question him about his conclusion that, though Plaintiff met Listing 1.04A on the date of his spinal surgery and for six months thereafter, he no longer met the Listing after that.  (AR 420.)  It is not clear what the orthopedist based his opinion on in that he apparently did not review any post-operative records.  (AR 421.)  Plaintiff contends that the orthopedist's absence prevented counsel from questioning him about how he reached this conclusion.  (Joint Stip. at 8.)  Again, the Court sides with Plaintiff.  Though Plaintiff's counsel could have explored this issue with written questions to the orthopedist before the hearing, the ALJ's assurance that the orthopedist would be there obviated the need to do so.  This is particularly true where it appeared before the hearing that there was consensus that Plaintiff was

disabled. The ALJ's failure to require the orthopedist to attend the hearing unfairly prejudiced Plaintiff. *See*, *e.g.*, *Solis v. Schweiker*, 719 F.2d 301, 301 (9th Cir. 1983) (holding claimant denied procedural due process where interrogatories were inadequate substitute for cross-examination). On remand, the orthopedist should be made available for testimony at the hearing or Plaintiff's counsel should be given an opportunity to propound written questions on him prior to the hearing.

B. <u>The Rejection of the Treating Physician's Opinion</u>

Plaintiff's treating physician, Dr. Jeffrey Tubbs, determined, among other things, that Plaintiff's physical ailments prevented him from being active for more than a day. (AR 388.) According to Dr. Tubbs, after working for a day, Plaintiff would have to rest the next day. (AR 388.) Obviously, this would preclude full-time employment. The ALJ rejected Dr. Tubbs' opinion because he found that Plaintiff's treatment was limited and conservative and because Dr. Tubbs' expertise was not related to "mental impairments." (AR 25.) The ALJ erred in doing so. To begin with, the Court would not characterize Plaintiff's treatment as conservative. It included epidurals and back surgery. It appears to the Court that these procedures are rather aggressive and, in fact, the consulting doctor characterized them as such. (AR 421.) In addition, there is nothing in the record to suggest that a more radical treatment was available and that Plaintiff was offered such treatment but refused it.

As to Dr. Tubbs' lack of specialization in mental impairments, that obviously has nothing to do with his diagnosis

and treatment of Plaintiff's back condition.  Thus, neither of the ALJ's reasons for rejecting Dr. Tubbs' opinion was valid and, therefore, the issue is remanded for further consideration. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (explaining ALJs may only reject a doctor's opinion for specific and legitimate reasons that are supported by substantial evidence in the record).[1]

### C. The Credibility Determination

The ALJ found that Plaintiff was not credible based solely on the fact that his treatment was limited and conservative. (AR 25.)  As discussed above, however, Plaintiff's treatment, at least with regard to his back, was not limited or conservative. As such, this reason for questioning Plaintiff's credibility is rejected.  On remand, the ALJ should take another look at the credibility issue. *See Treichler v. Comm'r of Soc. Security*, ___ F.3d ___, 2014 WL 7332774, at *9 (9th Cir. 2014) (explaining ALJ required to identify testimony that is not credible and specify what undermines it).

### D. The Lay Witness Testimony

Plaintiff's wife and his mother testified about their observations of Plaintiff's troubles.  (AR 50-52, 241-48.)  The ALJ completely ignored the wife's testimony.  This was error. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (holding lay testimony is competent evidence and cannot be

---

[1] Dr. Tubbs also offered an opinion as to Plaintiff's mental condition.  It does not appear that Dr. Tubbs is a psychiatrist nor is it clear what the basis for this opinion was as there are no records that he was treating Plaintiff for his mental impairments.  On remand, this issue should be further developed.

disregarded without comment).  On remand, the ALJ should address it.

The ALJ did address the mother's testimony and rejected it because it was inconsistent with the opinions and statements from the reviewing doctors and the mental health professionals and because the mother's views were likely influenced by sympathy and "other emotional factors."  (AR 23.)  Though the Court would caution against relying too heavily on the fact that lay witnesses are related to the claimant in analyzing their testimony, here, the ALJ also relied on the fact that the mother's testimony was contradicted by the doctors' submissions, which was a valid reason for rejecting it.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (approving ALJ's decision to reject lay testimony based on the fact that it was inconsistent with the medical evidence).  For that reason, the ALJ's rejection of the mother's testimony will not be disturbed.

E. The ALJ's Finding That Plaintiff Was Not Disabled

Plaintiff alleges that the ALJ erred when he evaluated Plaintiff's physical and mental impairments, ultimately concluding that he had the capacity to work.  (Joint Stip. at 15-22.)  The Agency disagrees.  The Court concludes that further development of this issue is necessary in light of the Court's rulings regarding the consulting doctors, the credibility finding, and the wife's testimony.  On remand, the ALJ should address Plaintiff's concerns along with any other evidence that he deems appropriate.[2]

---

[2] Plaintiff requests that the Court credit his testimony as true, accept his treating doctor's opinion, and remand for an

IV. CONCLUSION

For these reasons, the ALJ's decision is reversed and the case is remanded to the Agency for further proceedings consistent with this Memorandum Opinion and Order.

IT IS SO ORDERED.

DATED: 1/27/15

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\GOLSON, 6948\Memo Opinion and Order s.docx

S:\PJW\Cases-Social Security\GOLSON, 6948\Memo Opinion and Order s.docx

---

award of benefits. The Court recognizes it has the authority to do so but concludes that there are numerous questions that must be answered before it is clear whether he is disabled and entitled to benefits. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (noting district court is required to remand for benefits only when record has been fully developed and further proceedings would serve no purpose and when ALJ would be required to find claimant disabled on remand). For that reason, the request to remand for an award of benefits is denied.